PARKER
*vs*
COMMONWEALTH

---

INDICTMENT.

Case 9.

## Parker *vs* Commonwealth.

### ERROR TO THE BOONE CIRCUIT.

#### *Indictments. Slaves. Practice.*

*December* 10.

JUDGE SIMPSON delivered the opinion of the Court.

THE second count in the indictment, is, in our opinion, good and sufficient. It contains substantially a charge, that the slave Clarissa did go at large and hire herself out by the permission of the plaintiff in error, who was her owner. It is unnecessary, under the act of 1802, (2 *Stat. Law*, 1480,) even if necessary under the statutes of 1798, (which is at least doubtful,) to alledge in the indictment any agreement between the owner and the slave in relation to the terms upon which the permission to the slave to go at large and hire himself or herself out, has been granted. The offence consists in the act of the slave going at large, and hiring himself or herself out, with the assent and by the permission of the owner. The law is equally violated, whether the owner give the permission to the slave without promise or compensation, or is induced to do it in consideration of stipulated wages to be paid by the slave. The law makes it the duty of the owner to exercise over his slave a superintending control, and not permit him to go at large, unchecked by the salutary restraint of the master, the exercise of which is so important to the protection and preservation of the rights of others.

The first count in the indictment, contains merely an averment, that the defendant, "being mistress and owner of Clarissa, (a negro slave,) did then and there license said slave to go at large and trade as a free woman, for and in consideration of stipulated wages," &c. There is no allegation in this count in the indictment, that the slave did go at large and trade as a free woman,

*Marginal notes:*

Under the statute of 1840, the offence consists in the slave going at large and hiring himself or herself, with the permission of the owner, the promise of compensation by the slave to the owner, is not an ingredient in the constitution of the offence.

Is it sufficient in an indictment for permitting a slave to go at large and hire himself or herself, to alledge that the owner or master license to

nor is the fact charged, unless it arises by necessary implication from the averment aforesaid, that she was licensed to go at large and trade as a free woman. We deem it unnecessary to decide upon the sufficiency of this count. Considering the second count in the indictment good, and the Circuit Judge having certified that the evidence before the jury was sufficient to sustain a verdict on this count, the finding of the jury, although a general one, must be presumed, from the record, to be for that offence in the indictment, which is sufficiently charged against the defendant.

At common law, the defect of some of the counts in an indictment, did not affect the validity of the remainder, but judgment might be given against the defendant upon those which were valid; though in a civil action, a different rule prevailed, and if one count in the declaration was bad, and the jury found a general verdict, the judgment had to be arrested: (1 *Chitty's Crim. Law*, 205.) In conformity with this doctrine of the common law, it was held in the State of New York, in the case of *the People* vs *Olcott*, (2 *John's Cases*, 311,) that if one count of an indictment be good, although the others may be defective, it will be sufficient to support a general verdict of guilty.

This rule of the common law, so far as relates to the proceedings in penal cases, has not undergone, in this State, any change by statute; but in regard to civil proceedings, it has been altered by the statute of 1797, (1 *Stat. Law*, 327,) which provides that "where there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good, but the defendant may apply to the Court to instruct the jury to disregard such faulty count." If the common law doctrine on this subject, is to prevail in this State, it is evident that the verdict must be sustained, and regarded as sufficient to authorize a judgment thereon. No injury to the defendant could result in practice, from the operation of this rule. If the indictment contains a defective count, the defendant might, as in civil cases, where there is a faulty count in the declaration, apply to the Court to disregard such defective count. And if the

PARKER
*vs*
COMMONWEALTH

the slave so to do, it should be averred that the slave did go at large and hire himself or herself?—QUERE.

By the common law, if any count in the indictment was good, it was sufficient to authorize judgment on a general verdict. This rule has not been changed as to indictments, tho' in civil actions a different rule prevailed, and in Ky. since the statute of 1797, where the damages are found generally, tho' one count be faulty, the verdict shall be good, "though the defendant may apply to the Court to instruct the jury to disregard such faulty count."

evidence be insufficient to sustain a verdict upon the good count, the defendant, by incorporating the evidence into the record, by bill of exceptions, could have the decision of the Court below revised in this Court.

This Court can-
not decide upon
the propriety of
overruling a mo-
tion in arrest of
judgment where
the evidence is
not spread upon
the record.

But even if this doctrine be not recognized and adopted here to its full extent, still in this case, inasmuch as the Judge who presided on the trial, was of opinion that the evidence warranted the finding of the jury upon the second count, it was right and proper to overrule the defendant's motion in arrest of judgment. And as the defendant has failed to spread the evidence upon the record, this Court cannot determine that this opinion of the Court below, and its consequent refusal to sustain the motion in arrest of judgment, is erroneous.

Wherefore, the judgment is affirmed.

*Lindsey* for plaintiff; *Cates, Attorney General*, for Commonwealth.